IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAMSON MANUFACTURING
CORPORATION and SCOTT W. SAMSON,

*Plaintiffs,*

v.

AUSTIN PRECISION PRODUCTS, INC. d/b/a
LARUE TACTICAL, COMMAND ARMS
ACCESSORIES, LLC, and TDI ARMS LTD.,

*Defendants.*

Civil Action No. 3:09-CV-30027-MAP

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant Austin Precision Products, Inc. d/b/a LaRue Tactical ("LaRue Tactical") files their first amended answer to the Original Complaint of Plaintiffs, Samson Manufacturing Corporation and Scott W. Samson (collectively "Samson") and respectfully shows the Court as follows:

### PARTIES

1. LaRue Tactical lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs one and two.

2. LaRue Tactical admits the allegations contained in paragraph three.

3. LaRue Tactical lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs four and five.

### JURISDICTION AND VENUE

4. LaRue Tactical admits the allegations contained in paragraph six.

5. LaRue Tactical denies that this Court has jurisdiction over LaRue Tactical "because each Defendant has committed acts of patent infringement in this judicial district" under paragraph seven. Otherwise, LaRue Tactical admits the remaining allegations of paragraph seven as they relate to LaRue Tactical. LaRue Tactical lacks knowledge or information sufficient to form a belief about the truth of the allegations as to defendants Command Arms Accessories, LLC and TDI Arms LTD.

6. LaRue Tactical admits paragraph eight.

## COUNT 1
### (Patent Infringement)

7. LaRue Tactical lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten and therefore denies them.

8. LaRue Tactical denies paragraph eleven.

9. LaRue Tactical lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve and therefore denies them.

10. LaRue Tactical lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

11. LaRue Tactical lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen and therefore denies them.

12. LaRue Tactical denies paragraph fourteen as it relates to LaRue Tactical. LaRue Tactical lacks knowledge or information sufficient to form a belief about the truth of the allegations as to defendants Command Arms Accessories, LLC and TDI Arms LTD.

13. LaRue Tactical denies paragraph fifteen as it relates to LaRue Tactical

14. LaRue Tactical denies paragraph sixteen.

15. LaRue Tactical denies paragraph seventeen. The claimed invention of Published Paten Application Number 2006/0162227 is clearly distinguishable from the issued '152 Patent.

16. LaRue Tactical denies paragraph eighteen.

## REQUESTED RELIEF

17. LaRue denies that Plaintiff is entitled to any of the relief requested in it prayer.

## AFFIRMATIVE DEFENSES

Further answering, LaRue Tactical alleges as follows:

18. LaRue Tactical did not, and does not, directly infringe, indirectly infringe, contribute to or induce infringement of any valid or enforceable claim of the '152 Patent and has not otherwise committed any act in violation of the patent laws of the United States, Title 35 U.S.C. §§ 100, *et seq.*, and more particularly, has not committed any act in violation of 35 U.S.C. § 271.

19. The '152 Patent is invalid because it fails to comply with one or more of the statutory requirements of patentability specified in Title 35 U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

20. Samson's alleged remedies are limited due to failures to comply with 35 U.S.C. § 287.

21. The relief sought by Samson is barred in whole or in part by the doctrine of laches.

22. The relief sought by Samson is barred in whole or in part by doctrine of unclean hands and/or patent misuse.

23. By reason of the prosecution before the United States Patent and Trademark Office ("Patent Office") leading to the '152 patent, and by reason of admissions made by or on

behalf of the applicant for this patent, Samson is estopped from claiming infringement by LaRue Tactical of one or more claims of the '152 patent.

24. Samson is equitably estopped from pursuing claims under the '152 patent.

## COUNTERCLAIMS OF LARUE TACTICAL

25. Defendant and Counterclaim Plaintiff LaRue Tactical pleads the following counterclaims against Plaintiff and Counterclaim-Defendant Samson.

## THE PARTIES

26. Austin Precision Products, Inc. d/b/a LaRue Tactical is a corporation organized and existing under the laws of Texas, having it principal place of business at 850 County Road 177, Leander, Texas 78641.

27. Samson alleges that it is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 110 Christian Lane, Whately, Massachusetts 01373.

## JURISDICTION AND VENUE

28. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 11331 and 1338 (a) because the action concerns a federal question relating to patents arising under Title 35 of the United States Code and pursuant to 28 U.S.C. §§ 2201 and 2201 because this is a civil action for a declaratory judgment.

29. This Court has personal jurisdiction over Samson by virtue of its having submitted to the jurisdiction of this Court by filing the underlying lawsuit.

30. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## CLAIMS FOR RELIEF

## DECLARATORY JUDGMENT COUNTERCLAIMS

31. LaRue Tactical incorporates by reference the allegations of paragraphs 1-30 above as though fully set forth herein.

32. LaRue Tactical did not and does not directly infringe, indirectly infringe, contribute to or induce infringement of any valid or enforceable claim of the '152 patent, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

33. The '153 patent is invalid for failing to meet the conditions for patentability set forth at 35 U.S.C. § 101 et. seq., including, without limitation 35 U.S.C. §§ 102, 103 and/or 112.

34. An actual controversy exists between LaRue Tactical and Samson concerning the alleged infringement, the validly, and the unenforceability of the '152 patent by virtue of Samson's allegation of infringement.

35. LaRue Tactical is entitled to judgment from this Court that the '152 patent is not infringed by LaRue Tactical, is invalid, and is not enforceable.

36. This is an exceptional case entitling LaRue Tactical to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, LaRue Tactical prays that for an Order and Judgment from this Honorable Court:

A. declaring that LaRue Tactical does not infringe any claim of the '152 patent;

B. declaring that each and every claim of the '152 patent is invalid;

C. declaring that the '152 patent is unenforceable;

D. declaring that Samson is not entitled to any monetary damages, royalties or profits;

E. adjudging that Samson is not entitled for any injunctive relief sought by Samson;

F.  adjudging this case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling LaRue Tactical to an award of its reasonable attorneys' fees, expenses and costs; and

G.  granting such other and further equitable or legal relief as the Court deems just and proper.

Respectfully submitted,

SLATER, KENNON & JAMESON, LLP
4807 Spicewood Springs Road
Building 2, Suite 240
Austin, TX 78759
(512) 472-2431 (Phone)
(512) 472-0432 (Facsimile)

By: _____
Adam Pugh
Texas Bar No. 24044341

**ATTORNEYS FOR DEFENDANT AUSTIN PRECISION PRODUCTS, INC. d/b/a LARUE TACTICAL**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2009, I caused a true and correct copy of the foregoing to be electronically served via the CM/ECF system upon the following:

Laura Carroll
Burns & Levinson LLP
125 Summer St.
Boston, MA 02110
*Attorney for Plaintiffs,*
*Samson Manufacturing Corporation and*
*Scott W. Samson*

_____
Adam Pugh