IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMSON MANUFACTURING CORPORATION and SCOTT W. SAMSON,<br><br>Plaintiffs,<br><br>v.<br><br>AUSTIN PRECISION PRODUCTS, INC., d/b/a LARUE TACTICAL, COMMAND ARMS ACCESSORIES, LLC, and TDI ARMS LTD.,<br><br>Defendants. | CIVIL ACTION<br>NO. 09-CV-30027 |

## JOINT MOTION FOR STAY OF PROCEEDINGS

Pursuant to Local Rule 16.1(G), Plaintiffs Samson Manufacturing Corporation and Scott W. Samson and Defendant Austin Precision Products, Inc., d/b/a LaRue Tactical (collectively, the "Parties"), respectfully request a stay of all proceedings and deadlines in this case for a period of up to sixty (60) days following the granting of this Motion to allow the Parties to engage in mediation in an effort to resolve this case. In support of this Motion, the Parties state as follows:

1. The period for fact discovery in this action has concluded.[1] The next stages of this proceeding are expert discovery and dispositive motions. After considerable discussion among counsel, the Parties have agreed that a mediation at this stage of the case, before the Parties embark on expert discovery and dispositive motion practice, is appropriate; the Parties are hopeful that with the utilization of an effective mediator experienced in patent matters, mutually agreeable settlement terms can be reached.

---

[1] The Parties' request for a stay shall not apply to the continuation of the deposition of Stephen Holmes, pursuant to the Court's Order of today. The deposition shall resume reasonably promptly at a mutually agreeable date and time.

2. The Parties agree that the time period that the stay is in place shall not be taken into consideration in connection with any subsequent motion, supplementation, and/or other request for relief in the event mediation is unsuccessful. The parties will promptly file and/or supplement as necessary following the lifting of the stay.

3. The Parties have further agreed that while the stay is in place, they will concentrate their efforts on achieving a settlement of this matter, and will not file any motions or other papers related to this matter, other than as identified in Paragraph No. 4.

4. The Parties respectfully propose the following schedule:

   a. Within fourteen (14) days of the granting of this Motion, the Parties will notify the Court of the name of the mediator and the date of mediation.

   b. Within seven (7) days after the date of the mediation, the Parties shall provide the Court with a status report.

   c. In that status report, the Parties shall advise the Court either: (i) that the mediation was successful; or (ii) that the mediation was unsuccessful, but the Parties agree that sufficient progress toward settlement had been made warranting further settlement discussions within the remainder of the sixty-day period; or (iii) that the mediation was unsuccessful and further settlement negotiations are unlikely to result in a resolution of this matter.

   d. In the event that the status report provides the notice set forth in Paragraph 4(c)(ii) above, the stay shall be deemed lifted upon the expiration of the sixty-day period, unless the Parties report the case settled prior to that date. In the event that the status report provides the notice set forth in Paragraph 4(c)(iii) above, the stay shall be deemed lifted as of the date of the status report, without the necessity of further action by the Court.

  e. In the event that mediation is unsuccessful, counsel will exchange expert reports where either Party bears the burden of proof, as required under Fed. R. Civ. P. 26(a)(2), within fourteen (14) days of the lifting of the stay. Also, within fourteen (14) days of the lifting of the stay, the Parties shall confer regarding, and propose, a joint scheduling order to the Court for the remainder of expert discovery and dispositive motions.

5. Due to the discretionary and joint nature of the relief requested herein, the Parties are not submitting an accompanying memorandum of law.

WHEREFORE, for the foregoing reasons, Plaintiffs Samson Manufacturing Corporation and Scott W. Samson and Defendant Austin Precision Products, Inc., d/b/a LaRue Tactical, respectfully request that this Court grant this Joint Motion and order a stay of all proceedings and deadlines in this case, as set forth in the attached Proposed Order.

Respectfully submitted this 28th day of October, 2010,

| | |
|---|---|
| **SAMSON MANUFACTURING CORPORATION AND SCOTT W. SAMSON,** | **AUSTIN PRECISION PRODUCTS d/b/a LARUE TACTICAL,** |
| By their attorneys, | By its attorneys, |
| /s/ Laura L. Carroll | /s/ Adam P. Samansky |
| Laura L. Carroll (BBO #076180) | Adam P. Samansky (BBO #661123) |
| lcarroll@burnslev.com | ASamansky@eapdlaw.com |
| Howard J. Susser (BBO #636183) | EDWARDS ANGELL PALMER & |
| hsusser@burnslev.com | DODGE LLP |
| BURNS & LEVINSON LLP | 111 Huntington Avenue |
| 125 Summer Street | Boston, MA 02199 |
| Boston, MA 02110 | Tel: 617-517-5550 |
| Tel: 617-345-3000 | Fax: 888-325-6566 |
| Fax: 617-345-3299 | |

        Thomas P. McNulty (BBO #654564)
        tmcnulty@ll-a.com
        Ann Lamport Hammitte (BBO #553263)
        ahammitte@ll-a.com
        LANDO & ANASTASI, LLP
        Riverfront Office Park
        One Main Street - 11th Floor
        Cambridge, MA  02142
        Tel: 617-395-7000
        Fax: 617-395-7070

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Laura L. Carroll, attorney for Plaintiffs Samson Manufacturing Corporation and Scott W. Samson., hereby certify that I have conferred with Adam P. Samansky, counsel for Defendant Austin Precision Products, Inc. d/b/a LaRue Tactical, regarding the issues raised in this Joint Motion, and that LaRue's counsel is in agreement with, and joins in, this Motion.

Dated:  October 28, 2010        /s/ Laura L. Carroll
        Laura L. Carroll

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing JOINT MOTION FOR STAY OF PROCEEDINGS with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

Dated:  October 28, 2010        /s/ Laura L. Carroll
        Laura L. Carroll